UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EUGENE H.,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　　　　Defendant. | CASE NO. C22-5474-MAT<br><br>ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff appeals a final decision of the Commissioner of the Social Security Administration (Commissioner) denying Plaintiff's application for disability benefits after a hearing before an administrative law judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1982.[1] Plaintiff has limited education and has no past relevant work. AR 28. Plaintiff filed an application for Supplemental Security Income (SSI) on November 19, 2018, alleging disability beginning August 27, 2018. AR 19. The application was denied at the

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

initial level and on reconsideration. On April 20, 2021, the ALJ held a hearing and took testimony from Plaintiff and a vocational expert (VE). AR 104–30. At the hearing, Plaintiff amended the alleged disability onset date to November 19, 2018. AR 19, 114. On May 10, 2021, the ALJ issued a decision finding Plaintiff not disabled. AR 19–29. Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on April 26, 2022, making the ALJ's decision the final decision of the Commissioner. AR 1–6. Plaintiff appeals this final decision of the Commissioner to this Court.

**JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings are supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). "Substantial evidence" means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold the ALJ's decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

**DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. § 416.920.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. AR 21.

At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease; obesity; personality disorder; depression; and anxiety. AR 21. The ALJ also found that the record contained evidence of mild obstructive sleep apnea and carpal tunnel syndrome; however, the ALJ found that these conditions did not rise to the level of severe. AR 21–22.

At step three, the ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. AR 22–24.

At step four, the ALJ found that Plaintiff has the residual functional capacity (RFC) to perform light work, as defined in 20 C.F.R. § 416.967(b), with the following limitations:

> [H]e can occasionally climb ramps and stairs, never climb ladders ropes or scaffolds, occasionally stoop, kneel, crouch and crawl. He can frequently handle and finger. He must avoid concentrated exposure to vibration and should avoid all exposure to workplace hazards. He can perform simple routine tasks and have occasional superficial interaction with coworkers and the general public.

AR 24. Finding that Plaintiff has no past relevant work, the ALJ proceeded directly to step five. AR 28.

At step five, the ALJ found that Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. AR 28–29. With the assistance of a VE, the ALJ found Plaintiff capable of performing the requirements of representative occupations such as bakery worker and photo copy machine operator. AR 29.

Plaintiff raises the following issues on appeal: (1) Whether the ALJ properly evaluated the medical evidence; (2) whether the ALJ properly evaluated Plaintiff's testimony; (3) whether the ALJ properly evaluated the lay evidence; and (4) whether the ALJ properly assessed Plaintiff's RFC and based the step five finding on an erroneous RFC assessment. Plaintiff requests remand

ORDER
PAGE - 3

for further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

**1. Medical Opinion Evidence**

The regulations effective March 27, 2017, require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. § 416.920c(a)–(b). The "more relevant the objective medical evidence and supporting explanations presented" and the "more consistent" with evidence from other sources, the more persuasive a medical opinion or prior finding. *Id*. at § 416.920c(c)(1)–(2). Further, the Court must continue to consider whether the ALJ's analysis is supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). With these regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

A. <u>Non-Severe Impairments</u>

Plaintiff argues that the ALJ erred by finding Plaintiff's obstructive sleep apnea (OSA) and carpal tunnel syndrome (CTS) to be non-severe at step two. Dkt. 13, at 3. The ALJ determined that the medical evidence failed to establish that these impairments "more than minimally limit[] the claimant's ability to perform basic work activities." AR 21–22. The ALJ cited evidence indicating that Plaintiff's OSA was "amendable to control with CPAP therapy," that an electromyography showed that Plaintiff's CTS was mild, and that Plaintiff has not required surgery for his CTS. AR 21–22. Plaintiff has not alleged any specific error to the ALJ's consideration of this evidence. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address issues not argued with any specificity). Additionally, where, as here, the ALJ decides step

two of the sequential analysis in the claimant's favor, any alleged step two error is harmless. *See Buck v. Berryhill*, 8969 F.3d 11040, 1048–49 (9th Cir. 2017) (because the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe,'" the RFC "should be exactly the same regardless of whether certain impairments are considered 'severe' or not"). Therefore, Plaintiff has not shown that the ALJ erred by determining Plaintiff's OSA and CTS impairments to be non-severe at step two.

B. <u>Dr. William Wilkinson, Ed.D.</u>

Dr. Wilkinson examined Plaintiff August 15, 2018, and diagnosed Plaintiff with ADHD, OCD, and adjustment disorder with anxious mood. AR 418–22. Dr. Wilkinson assessed Plaintiff with marked limitations in his ability to perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances without special supervision, and maintain appropriate behavior in a work setting. AR 420. Dr. Wilkinson assessed moderate to mild limitations in all other areas of basic work activities. AR 420. Dr. Aaron Burdge, Ph.D. reviewed Dr. Wilkinson's report and made the same assessment regarding Plaintiff's limitations. AR 662–66.

The ALJ did not find Dr. Wilkinson and Dr. Burdge's opinions to be persuasive. AR 27. The ALJ found that, "[t]o the extent that the opinions describe vocational unreliability, they are not consistent with or supported by the claimant's daily activities or prior work history," citing evidence that Plaintiff can follow instructions well, take the bus to appointments and show up when scheduled, and that Plaintiff successfully showed up and performed a job as a landscaper in the past. AR 27.

Plaintiff argues that the ALJ improperly found Dr. Wilkinson and Dr. Burdge's opinions to be inconsistent with Plaintiff's ability to attend medical appointments, which, Plaintiff argues,

ORDER
PAGE - 5

does not show that Plaintiff "could reliably perform any type of full-time work." Dkt. 13, at 4. An ALJ may reject a medical opinion that is inconsistent with the record or that is inadequately supported by clinical findings. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); *Thomas*, 278 F.3d at 957. Plaintiff reported that he takes the bus by himself, attends church weekly, does not need reminding to go places, generally does not miss important events or appointments, and follows both written and spoken instructions well. AR 351–52, 505. In this case, however, Plaintiff's ability to attend appointments and follow instructions outside of a work environment does not reasonably indicate that Plaintiff is able to perform work within a schedule, maintain attendance, be punctual, and maintain appropriate behavior in a work setting on a regular and continuing basis. To the contrary, Dr. Wilkinson noted that Plaintiff's mental health symptoms have interfered with Plaintiff's school, appointments, and interactions with others. AR 419–20. The doctor described in his clinical findings that Plaintiff has "too much attention elsewhere and loss of details and keeping on task;" is easily distracted; starts but does not complete tasks; is fidgety, high energy, and impatient; struggles with dealing with unwanted ideas and visuals that come to his mind; and engages in obsessive and time-consuming routines and behaviors. AR 419–20. This evidence is reasonably consistent with and supports Dr. Wilkinson and Dr. Burdge's opinions that Plaintiff is markedly limited in his ability to perform work within a schedule, maintain regular attendance, and behave appropriately in a work setting. Therefore, substantial evidence does not support the ALJ's finding that Dr. Wilkinson and Dr. Burdge's opinion were inconsistent with evidence of Plaintiff's daily activities or other evidence of record.

  Plaintiff argues that the ALJ improperly rejected Dr. Wilkinson and Dr. Burdge's opinions by finding the opinions inconsistent with Plaintiff's ability to work in the past, which, Plaintiff asserts, "does not show that he can currently perform full-time competitive work." Dkt. 13, at 4.

ORDER
PAGE - 6

An ALJ may consider whether a claimant's impairments had remained constant and had not prevented the claimant from working in the past. *See Gregory v. Bowen*, 844 F.2d 664, 667 (9th Cir. 1988). The ALJ found that Plaintiff's ability to work successfully as a landscaper in the past indicated that Plaintiff was able to show up and perform a job as scheduled "so long as his job did not require a significant amount of social interaction." AR 27. The ALJ found that Plaintiff's "psychological symptoms are long-standing," AR 26; however, the ALJ did not identify any evidence showing that Plaintiff's other severe and non-severe impairments existed and remained constant since Plaintiff worked in landscaping. To the contrary, the evidence indicates that Plaintiff did not have the same combination of mental and physical impairments at the alleged onset date that Plaintiff had when he performed landscaping work: Plaintiff testified that he worked in landscaping until around 2010 and 2012 but alleges disabling pain in his cervical and lumbar spine from a rib injury while landscaping and from being hit by a car in 2015. AR 116, 347, 460, 521. Therefore, substantial evidence does not support the ALJ's determination that Dr. Wilkinson and Dr. Burge's opinions were inconsistent with evidence that Plaintiff was able to work in landscaping in the past.

    C.  <u>Dr. Zachary Feldman, M.D.</u>

Dr. Feldman examined Plaintiff on June 2, 2019, and diagnosed Plaintiff with cluster A personalist disorder, unspecified depression, and unspecified anxiety. AR 502–07. Dr. Feldman opined that Plaintiff has "exceptionally poor" ability to interact with coworkers, superiors, and the public and adapt to the usual stresses encountered in the workplace. AR 507. Dr. Feldman further assessed that Plaintiff has "poor" ability to maintain regular attendance in the workplace and complete a normal workday without interruptions but opined that, "were [Plaintiff] to find a job that did not require much work with other people, I suspect he might do quite well." AR 507. Dr.

ORDER
PAGE - 7

Feldman assessed that Plaintiff has "poor-to-good" ability to perform work duties at a sufficient pace depending on the nature of the job and whether Plaintiff is required to work with others. AR 507. Dr. Feldman assessed that Plaintiff can manage funds independently; has "fair" ability to perform simple, repetitive, detailed, and complex tasks; and has "fair" ability to perform work activities on a consistent basis without special or additional instructions. AR 507.

The ALJ found Dr. Feldman's opinion to be "partially persuasive." AR 27. The ALJ found that, to the extent that the doctor's used "programmatic terms, such as poor, mild and good," the doctor opined "on issues reserved to the Commissioner, which is neither valuable nor persuasive." AR 27. Nevertheless, the ALJ found Dr. Feldman's opinion to be consistent with Plaintiff's daily activities and "at least partially supported by the claimant's presentation during his examination." AR 27. The ALJ interpreted Dr. Feldman's opinion as "suggest[ing] the claimant can perform simple repetitive tasks that do not require a lot of work with other people." AR 27.

Plaintiff argues that the ALJ improperly rejected Dr. Feldman's opinion based on his use of the terms such as "poor, mild and good." Dkt. 13, at 8. The ALJ may reasonably conclude that a provider's use of terms that fail to specify a claimant's functional limitations are not useful for determining the RFC. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (affirming the ALJ's conclusion that the terms "limited" or "fair" were not useful). Here, Dr. Feldman assessed Plaintiff's functional abilities using terms such as "fair," "poor-to-good," "poor," and "exceptionally poor," yet the doctor did not specify the meaning of these terms or how they translated into functional limitations. AR 507. Accordingly, the ALJ could reasonably conclude the terms "fair" and "poor" were neither valuable nor persuasive for assessing the RFC. *See Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC."). Therefore, substantial

ORDER
PAGE - 8

evidence supports the ALJ's determination that Dr. Feldman's used terminology that was not valuable for determining the RFC.

Plaintiff argues that the ALJ's interpretation "mischaracteriz[es]" Dr. Feldman's opinion and "does not fully account for all of the limitations described by Dr. Feldman." Dkt. 13, at 5. Dr. Feldman assessed that Plaintiff has limited ability to perform work duties, maintain attendance, complete a normal workday, and interact with others "based on his difficulty maintaining composure around others" and based on his interpersonal presentation. AR 507. Nevertheless, Dr. Feldman noted that his assessment "depend[ed] on the nature of the job and whether or not [Plaintiff] is required to work with other people," and the doctor opined that Plaintiff "might do well" if he found a job "that did not require much work with other people." AR 507. The RFC provides that Plaintiff "can perform simple routine tasks and have occasional superficial interaction with coworkers and the general public," which reasonably accounts for Plaintiff's symptoms and limitations that Dr. Feldman opined were affected by Plaintiff's interactions with other people. AR 24, 27; *see Rounds*, 807 F.3d at 1006 (the ALJ is responsible for translating clinical finding into the RFC). However, the RFC does not reasonably account for Dr. Feldman's opinion that Plaintiff has limited ability to adapt to the usual stresses encountered in the workplace, and the ALJ provided no rationale for discrediting this limitation. Therefore, the ALJ erred by failing to fully account for all of the limitations assessed by Dr. Feldman.

D. <u>Other Medical Evidence</u>

Plaintiff identifies various medical evidence of record and asserts that "[a]ll of the above-cited evidence provides further support for [Plaintiff's] testimony, and it undermines the ALJ's analysis of the evidence and testimony, and shows that the ALJ's residual functional capacity assessment is not supported by substantial evidence in the record as a whole." Dkt. 13, at 5–14.

Plaintiff, however, does not assign specific error to the ALJ's consideration of this evidence. *See Carmickle*, 533 F.3d at 1161 n.2 (declining to address issues not argued with any specificity); *see also Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief. We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim. . . ."). Additionally, none of the evidence cited by Plaintiff states a specific opinion regarding Plaintiff's functional limitations. "[T]he ALJ is not required to discuss evidence that is neither significant nor probative." *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003); *see Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (the ALJ does not need to provide clear and convincing reasons for rejecting a medical opinion that does not identify any specific limitations). Therefore, Plaintiff has not shown that the ALJ erred in evaluating this evidence.

### E. Non-Examining Physician Opinions

Plaintiff argues that the ALJ improperly determined that "the opinions of 'the State agency consultants' are 'very persuasive,'" arguing that the consultants' opinions are not supported by objective medical evidence and that the "ALJ's analysis is not supported by substantial evidence in the record as a whole." Dkt. 13, at 14 (citing AR 27). Plaintiff again fails to assign specific error to the ALJ's consideration of this evidence, and the Court cannot review an issue that a plaintiff has failed to argue specifically and distinctly. *See Greenwood*, 28 F.3d at 977. Plaintiff, nevertheless, asserts that "a reasonable ALJ who properly evaluated the medical evidence and fully credited the findings and opinions of Dr. Wilkinson and Dr. Feldman could have reached a different disability determination". Dkt. 13, at 14. However, "the key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial

evidence to support the Commissioner's actual finding that claimant is not disabled." *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997). Because Plaintiff has not identified specific error in the ALJ's evaluation of the consultants' opinions, Plaintiff has not shown that the ALJ erred.

## 2. Subjective Testimony

The ALJ must provide specific, clear, and convincing reasons, supported by substantial evidence, for rejecting a claimant's subjective symptom testimony.[2] *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017); *Smolen v. Chater*, 80 F.3d 1273, 1286 (9th Cir. 1996). An ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence, but not when it merely lacks support in the medical evidence. *See Carmickle*, 533 F.3d at 1161 ("Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony."); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("[L]ack of medical evidence cannot form the sole basis for discounting pain testimony.").

Plaintiff alleges that he is unable to work due to disabling pain from his cervical and lumbar spine issues, which Plaintiff alleges totally disables his upper body, causes numbness in his leg, and makes him unable to walk. AR 347. At the hearing, Plaintiff testified that he experiences pain in his upper back, where he tore a rib, and that there are times that he cannot move due to pain, which happens "not horribly often" because he has learned to take precautions. AR 116–18. Plaintiff further testified that he experiences numbness and pain in his hands, joint pain, and difficulty sitting or standing for long. AR 116–17, 123–240. Plaintiff further alleges that he has had ADHD and OCD since he was born, has problems thinking clearly, has trouble sleeping, and

---

[2] Effective March 28, 2016, the Social Security Administration (SSA) eliminated the term "credibility" from its policy and clarified the evaluation of a claimant's subjective symptoms is not an examination of character. SSR 16-3p. The Court continues to cite to relevant case law utilizing the term credibility.

ORDER
PAGE - 11

can manage a normal conversation if he is "completely relaxed." AR 121–23, 342.

The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." AR 25.

Plaintiff argues that the ALJ improperly rejected Plaintiff's symptom testimony based on inconsistency with the medical evidence. Dkt. 13, at 15–16. "While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *see* 20 C.F.R. § 416.1529(c)(4) ("Your symptoms, including pain, will be determined to diminish your capacity for basic work activities to the extent that your alleged functional limitations and restrictions due to symptoms, such as pain, can reasonably be accepted as consistent with the objective medical evidence and other evidence."). Here, the ALJ found that, although Plaintiff reported that his back pain began "more than 10 years ago when his rib was ripped off his spine," "the medical evidence does not establish that such an extreme event ever occurred." AR 25. The ALJ further found that, although medical imaging "confirm[ed] degenerative disc disease, including some spondylosis, in the claimant's cervical, thoracic and lumbar spine . . . there is no stenosis, impingement or similar findings" and that physical examinations indicated that Plaintiff retained bilateral upper extremity strength and was able to lift and move 25 pounds. AR 25 (citing AR 542, 545). The ALJ further noted that, although Plaintiff was observed to walk with a limp during Plaintiff's psychological evaluation and SSA interview, Plaintiff's physical examinations "many times" showed Plaintiff had a normal gait and good muscle strength. AR 25 (citing AR

464, 483–44, 778); see *Carmickle*, 533 F.3d at 1164 ("The ALJ is responsible for resolving conflicts in the medical record."). The ALJ thus reasonably determined that the medical evidence was inconsistent with Plaintiff's subjective testimony and indicated that, during the relevant period, Plaintiff's back impairments were not as extreme or as limiting as Plaintiff alleged. Therefore, the ALJ's rejection of Plaintiff's allegations of disabling back pain based on inconsistency with the medical evidence of record was specific, clear, and convincing and supported by substantial evidence.

Plaintiff argues that the ALJ improperly rejected Plaintiff's symptom testimony by finding it inconsistent with evidence of Plaintiff's activities. Dkt. 13, at 16–17. An ALJ may use evidence of a claimant's activities when evaluating a claimant's testimony to show inconsistency with the testimony or to show that the claimant's activities meet the threshold for transferable work skills. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Here, the ALJ cited evidence that Plaintiff reported being able to travel to appointments on multiple buses and walk long distances while carrying a backpack. AR 25–26 (citing AR 487–88). The ALJ determined that the evidence of Plaintiff activities "suggests he retains a much better level of functioning than he described at the hearing." AR 25–26. Plaintiff activities are reasonably inconsistent with Plaintiff's allegations of disabling back pain. Therefore, the ALJ's rejection of Plaintiff's symptom testimony regarding Plaintiff's back pain based on inconsistency with evidence of Plaintiff's activities was specific, clear, and convincing and supported by substantial evidence.

Plaintiff alleges that the ALJ improperly rejected Plaintiff symptom testimony based on evidence that Plaintiff's "psychologically based symptoms are long-standing, and the evidence does not establish that they worsened on the amended AOD [alleged onset date] or thereafter." Dkt. 13, at 16–17 (citing AR 26). The ALJ determined that Plaintiff's treatment for his

psychological impairments "has been quite limited" and that the evidence does not indicate that Plaintiff is unable to perform all work. AR 26. The Ninth Circuit has "particularly criticized the use of a lack of treatment to reject mental complaints both because mental illness is notoriously underreported and because it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299–1300 (9th Cir. 1999) (internal quotation marks and citations omitted). Here, the ALJ noted that Plaintiff "was described as having poor insight/judgment, poor attention/concentration and poor recent memory" during a mental health treatment intake meeting in July 2019 but determined that Plaintiff "did not consistently present in that fashion," citing records in which Plaintiff was "described as having fair to good attention, concentration, memory, judgment, and insight." AR 26. However, the ALJ's evaluation fails to consider the opinions and clinical findings assessed by Dr. Wilkinson and Dr. Burdge, which, as discussed above, the ALJ improperly rejected. Therefore, the ALJ's rejection of Plaintiff's testimony regarding his mental health symptoms was not specific, clear, or convincing.

As discussed above, substantial evidence supports the ALJ's evaluation of Plaintiff's symptom testimony regarding disabling back pain; however, substantial evidence does not support the ALJ's rejection of Plaintiff's symptom testimony regarding Plaintiff's mental health impairments. The ALJ's error was not harmless because it resulted in an RFC assessment that did not account for all of Plaintiff's mental health limitations.

**3. Lay Witness Testimony**

Plaintiff argues that the ALJ failed to evaluate properly the lay witness statement from SSI facilitator Cindy Harbaugh. Dkt. 13, at 18. "Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to

ORDER
PAGE - 14

disregard such testimony and gives reasons germane to each witness for doing so."[3] *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). However, an error in addressing lay witness testimony may be deemed harmless where "it is inconsequential to the ultimate nondisability determination." *Carmickle*, 533 F.3d at 1162.

Plaintiff argues that the ALJ's evaluation of Ms. Harbaugh's observations is "overly selective" and "fails to acknowledge and fails to adequately account for any of Ms. Harbaugh's observations, which are consistent with [Plaintiff's] testimony about his symptoms and limitations." Dkt. 13, at 18. The ALJ considered Ms. Harbaugh's observations that, during the interview, Plaintiff "was polite, cooperative, had good grooming, and generally did just fine from a mental perspective." AR 26. However, Plaintiff argues that the ALJ failed to consider Ms. Harbaugh's observations that Plaintiff had pain when standing, walking, and sitting, walked with a limp, rocked back and forth while seated, spoke with a monotone and little emotion, and had trouble with his memory and answering questions. Dkt. 13, at 18 (citing AR 368).

Even if the ALJ erred when considering Ms. Harbaugh's observations, such error would be harmless in this case. The lay witness does not identify any symptoms that were not described by Plaintiff—indeed, Plaintiff concedes that Ms. Harbaugh's observations were consistent with Plaintiff's testimony about his symptoms and limitations. Dkt. 13, at 18; *see Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012) (failure to address lay testimony is harmless "[w]here lay witness testimony does not describe any limitations not already described by the claimant, and the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony"), *superseded by regulation on other grounds*. Further, Ms. Harbaugh's observations

---

[3] The Ninth Circuit has not yet addressed the 2017 regulations in relation to the standard of review for lay witness opinions.

are contradicted by more reliable medical evidence that the ALJ credited, including physical examinations showing Plaintiff having a normal gait, good muscle strength, and the ability to lift 25 pounds, and Dr. Feldman's opinion that Plaintiff might be able to work in a job with simple repetitive tasks and "that did not require much work with other people." *See Molina*, 674 F.3d at 1118–19 (failure to discuss a lay witness's testimony harmless "where the testimony is similar to other testimony that the ALJ validly discounted, or where the testimony is contradicted by more reliable medical evidence that the ALJ credited"). Therefore, any error in the ALJ's evaluation of Ms. Harbaugh's observations would be inconsequential to the nondisability decision. *See Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination").

**4. RFC**

At step four, the ALJ must identify the claimant's functional limitations or restrictions and assess their work-related abilities on a function-by-function basis. *See* 20 C.F.R. § 416.945; SSR 96-8p. The RFC is the most a claimant can do considering their limitations or restrictions. *See* SSR 96-8p. The ALJ must consider the limiting effects of all of the claimant's impairments, including those that are not severe, in assessing the RFC. 20 C.F.R. § 416.945(e); SSR 96-8p.

As discussed above, substantial evidence does not support the ALJ's evaluation of Dr. Wilkinson and Dr. Burge's medical opinions or the ALJ's rejection of Plaintiff's testimony regarding disabling mental health symptoms. The ALJ further failed to fully account for all of the limitations assessed by Dr. Feldman. As a result, the RFC does not reasonably account for limitations in Plaintiff's ability to perform activities within a schedule; maintain regular attendance; be punctual within customary tolerances without special supervision; maintain appropriate behavior in a work setting; and adapt to the usual stresses encountered in the

ORDER
PAGE - 16

workplace. Therefore, this matter should be reversed and remanded for further administrative proceedings so that the ALJ may reevaluate the medical opinion evidence, reevaluate Plaintiff's subjective symptom testimony, and reassess the RFC and step five finding as warranted by further consideration of the evidence.

## **CONCLUSION**

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings.

DATED this 20th day of April, 2023.

MARY ALICE THEILER
United States Magistrate Judge